UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA ALEXANDRA LOPEZ BUENDIA,<br><br>        Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>        Respondent. | No. 1:26-cv-00465-DJC-SCR (HC)<br><br>ORDER |

Petitioner is a 26-year-old noncitizen who entered the United States in July 2022.  On December 29, 2025, Petitioner was unable to complete an ISAP check-in due to technical issues.  Two days later, Petitioner appeared at an ISAP office at the direction of an Immigration and Customs Enforcement ("ICE") agent where she was arrested and detained.  Petitioner is presently in custody at the California City Detention Center.

On January 20, 2026, Petitioner filed a Petition for Writ of Habeas Corpus along with a Motion for Temporary Restraining Order, arguing that her detention violates her due process rights and the Immigration and Nationality Act ("INA").  Respondents requested that the Court enter final judgment granting the Petition if it is inclined to

grant a preliminary injunction.  Petitioner does not oppose entering a final judgment on the Petition based on the filings thus far.[1]  Because Respondents violated Petitioner's due process rights under the Fifth Amendment, the Court GRANTS Petitioner's Habeas Petition.

## BACKGROUND

Petitioner is a native and citizen of Colombia who entered the United States without admission on July 13, 2022.  (Habeas Petition ("Pet.") ¶ 18; I-213 Form (ECF No. 2-3, Ex. A).)  Petitioner was initially processed for expedited removal but was found to have a credible fear of return to her home country.  (Pet. ¶ 18.)  Federal officials subsequently released her from custody into the Alternatives for Detention Program ("ATD") where she was allowed to establish a life for herself for over three years.  (*See id.* ¶¶ 1, 18.)  Petitioner filed an asylum application on April 22, 2023.  (*Id.* ¶ 18; (ECF No. 2-3, Ex. B).)

Petitioner represents that she consistently complied with her ATD obligations, but on December 29, 2025, was unable to complete her required check-in due to technical difficulties in accessing the Intensive Supervision Appearance Program ("ISAP") application on her phone.  (Pet. ¶ 19; Angarita Decl. (ECF No. 2-3, Ex. D) ¶ 2.)  The next day, Petitioner received a call from the ICE Agent managing her case, who requested that she appear in person the following day to resolve the issue.  (Pet. ¶ 20; Angarita Decl. ¶ 3.)  On December 31, 2025, Petitioner reported to the BI ISAP Office in San Jose, where she was told by ICE agents that she was being taken into custody for multiple alleged violations of the ATD program.  (Pet. ¶ 21; I-213 Form at 2.)  Petitioner was served with a Notice to Appear for removal proceedings under INA section 240, and a Warrant for Arrest of Alien, and was transferred to the California City Detention Center, where she is experiencing particular difficulty due to a prior

---

[1] Because the Court reaches the merits of the Habeas Petition, the Court DENIES Petitioner's Motion for Temporary Restraining Order (ECF No. 2) as moot.

2

1  liver condition.  (Pet. ¶¶ 23–25, 29; (ECF No. 2-3, Exs. G,H).)  Petitioner's next
2  scheduled hearing date is February 24, 2026.  (*Id.* ¶ 33.)
3      On January 20, 2025, Petitioner filed a Petition for Writ of Habeas Corpus and a
4  Motion for Temporary Restraining Order (Mot. TRO (ECF No. 2)).  The Parties agree
5  that in the interest of judicial economy, the Court should reach the merits of
6  Petitioner's Habeas Petition if it is inclined to grant preliminary relief.  (*See* Opp'n at 1;
7  Reply at 1.)  The matter was ordered submitted without oral argument.

## DISCUSSION

9      Petitioner's Habeas Petition raises two claims for relief alleging (1) that her
10 detention is unlawful under the due process clause of the Fifth Amendment and (2)
11 denial of an opportunity to challenge her detention through a bond determination
12 hearing violates 8 U.S.C. § 1226(a), as she qualifies as a member of the class in
13 *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM.[2]  (*See generally* Pet.;
14 Mot. TRO at 1–2.)  Respondents oppose Petitioner's claims on the ground that she is
15 an "applicant for admission" who is subject to mandatory detention without a bond
16 hearing under 8 U.S.C. § 1225(b)(2) and the reasons outlined in *Matter of Yajure*
17 *Hurtado,* 29 I & N Dec. 216 (BIA 2025).  *See also, e.g., Valencia v. Chestnut,* No. 1:25-
18 cv-01550, 2025 WL 3205133 (E.D. Cal. Nov. 17, 2025).  (Opp'n at 2.)
19      To the extent that those authorities rely on the Government's expansive
20 definition of "applicant for admission," this Court has joined the vast majority of cases
21 in rejecting such an argument and finds its prior orders are dispositive on the issues
22 raised in the Petition.  *See Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CSD, 2025 WL
23 3124116 (E.D. Cal. Nov. 7, 2025); *Singh v. Andrews*, No. 1:25-cv-01543-DJC-SCR,
24 2025 WL 3248059 (E.D. Cal. Nov. 19, 2025); *Mariagua v. Chestnut*, No. 1:25-cv-01744-
25 DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-

---

[2] Respondents do not challenge this Court's jurisdiction.  Nevertheless, the Court determines that it has jurisdiction over this matter.  *See Hernandez v. Sessions,* 872 F.3d 976, 988 (9th Cir. 2017) ("[Section] 1252(a)(2)(B)(ii) restricts jurisdiction only with respect to the executive's exercise of discretion [ ] [i]t does not limit habeas jurisdiction over questions of law.").

3

01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Souza v. Robbins*, No. 1:25-cv-01597-DJC-JDP, 2025 WL 3263897 (E.D. Cal. Nov. 23, 2025).  For the reasons stated in those cases, Petitioner established that she has a clear liberty interest in her continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining her out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.  The Court recognizes that Petitioner missed a required check-in close in time to when she was arrested and detained.  (Pet. ¶ 19.)  To the extent that this incident, or the other alleged missed check-ins, constitute a sufficiently changed circumstance such that detention is warranted, that is a matter for a pre-deprivation hearing.

Accordingly, the Court thus GRANTS Petitioner's first claim for relief.  In light of the parties' request that the Court reach the merits of the Petition and in the interests of judicial economy, the Court declines to reach the merits as to the other claims in the petition.

**CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED.
2. Petitioner Monica Alexandra Lopez Buendia shall be released immediately from Respondents custody.  Respondents shall not impose any additional restrictions on her, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are PERMANENTLY ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with

constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating her arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present.

4. Petitioner's Motion for Temporary Restraining Order is DENIED as moot.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: **January 28, 2026**

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – LopezBuendia26cv00465.hp_v2